# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CLAYTON WARNER,

                Petitioner,        :        Case No. 1:13-cv-368

  - vs -                             District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz
WARDEN, LONDON CORRECTIONAL
 INSTITUTION,
                              :
               Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Clayton Warner to obtain relief from his conviction on several counts of forgery and possession of criminal tools for which he was sentenced to an aggregate term of confinement of eleven years. He pleads the following grounds for relief:

> **GROUND ONE:** Petitioner was deprived of the effective assistance of counsel on direct appeal, in violation of the Sixth and Fourteenth Amendments.
>
> **Supporting Facts:** Appointed appellate counsel failed to argue for merger of additional allied offenses of similar import for multiple eleven month sentences for Possession of Criminal Tools which were a result of the forgery charges, and for the various forgery charges which were a continuing course of conduct, all in violation of the Double Jeopardy Clause to the Fifth Amendment.
>
> **GROUND TWO:** Petitioner's right to be free from multiple punishment for the same conduct was violated by separate sentences being imposed for allied offenses of similar import.
>
> **Supporting Facts:** The convictions for Possession of Criminal tools are based upon possessing the checks for which Petitioner

> was charged for forging and under **Blockburger,** merger is required; the multiple counts of forgery were part of a continuing course of conduct with a single animus which requires merging of the sentences under Double Jeopardy analysis.

(Petition, Doc. 1.)

**Procedural History[1]**

The 2010 term of the Hamilton County Grand Jury indicted Warner on seven counts of theft in violation of Ohio Rev. Code § 2913.02(A)(3), (Counts 1, 14, 16, 18, 20, 36 and 38); forty counts of forgery in violation of Ohio Rev. Code § 2913.31(A)(3) (Counts 2-13, 15, 17, 19, 22-35, 37, 39-45, 59, and 52-53); one count of identity fraud in violation of Ohio Rev. Code § 29113.49(B)(1) (Count 21); and two counts of possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A) (Counts 51 and 54). (Return of Writ, Doc. No. 5-1, Ex. 2, "Case No. B 100225-G," PageID 43.) On February 4, 2011, Warner pled guilty to Counts 3-7, 10-18, 24-27, 30, 32, 35-38, and 50-54; the remaining counts were dismissed. Warner was then sentenced to eleven months for each conviction for an aggregate of eleven years.

On appeal Warner claimed the trial court erred in imposing a separate sentence on each of the theft counts despite having merged the theft counts with the related forgery counts. The State conceded error and the court of appeals vacated the sentences and remanded for a correction of the judgment entry nunc pro tunc which the trial court accomplished.

Warner filed a timely application to reopen his direct appeal, alleging he received ineffective assistance of appellate counsel when his appellate counsel omitted the following assignments of error:

---
[1] The history is taken from the Return of Writ, Doc. No. 5. Warner agrees with its accuracy (Reply, Doc. No. 6, PageID 301).

> **Assignment of Error #1**
>
> That Appellate counsel was Ineffective Assistance of Counsel to the harm of the defendant, and thereby violating his Sixth Amendment Right to Counsel on Direct Appeal, in that he failed to argue that the Defendant's multiple 11 month prison sentences for "Forgery, O.R.C. 2913.31(A)(3) were also Allied Offenses of Similar Import, and should have been merged and all but one dismissed.
>
> **Assignment of Error #2**
>
> [W]ould address the trial court's reliance on Additional Facts, in their imposition of the consecutive prison terms and failure to vacate the similar/allied offenses. The Plea was for base forgery and possessing tools for those forgeries, and even with various dates on the checks or in charging documents, as one continuous crime spree with the single animus of committing fraud, and to perpetuate the charged theft counts, the trial court, limited to these facts, as plead to, must vacate the allied offenses and thereby reduce his sentence. (See Apprendi, Blakely from U.S. Supreme Court and related Ohio Court rulings.)

(Return of Writ, Doc No. 5-1, Ex. 17, PageID 150.) The court of appeals denied reopening and the Ohio Supreme Court declined to exercise jurisdiction over a further appeal.

On July 5, 2011, while his direct appeal was pending, Warner moved to correct assertedly improper sentences to consecutive terms of imprisonment for what he alleged were allied offenses of similar import. The trial court denied the motion and Warner did not appeal. Warner filed his petition in habeas corpus May 30, 2013 (Doc. No. 1). The Warden has filed a Return of Writ (Doc. No. 5) and Warner has filed a Traverse (Doc. No. 6).

3

# Analysis

**Ground One: Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Warner asserts his appellate counsel provided constitutionally ineffective assistance by failing to argue for merger of additional offenses. Warner argues failure to merge those offenses violates the Double Jeopardy Clause.

Respondent contends that the portion of this Ground for Relief which claims appellate counsel should have asserted that the forgery and possession of criminal tools charges should have been merged is procedurally defaulted by Warner's failure to include it in his Application for Reopening (Return of Writ, Doc. No. 5, PageID 32-33). Warner asserts he did raise this claim, adverting to his 26(B) Application (Traverse, Doc. No. 6, PageID 302-03).

In his Affidavit in Support of Reopening, Warner represented that one of the proposed assignments of error would be:

> The First Assignment of Error would be: That Appellate counsel was Ineffective Assistance of Counsel to the harm of the defendant, and thereby violating his Sixth Amendment Right to Counsel on Direct Appeal, in that he failed to argue that the Defendant's multiple 11 month prison sentences for "Forgery, O.R.C. 2913.3l(A)(3) were also Allied Offenses of Similar Import, and should have been merged and all but one dismissed.

(Return of Writ, Doc. No. 5-1, Ex. 17, PageID 147.)

On the very next page, however, occurs the language on which Warner relies to avoid procedural default:

> In the case-at-bar, the defendant had been indicted and charged with dozens of similar forgery counts for an ongoing crime spree of similar import with a single animus, (to commit fraud in forging

> said checks, which is all he plead to, and the facts the Court was limited to consider in imposing sentence). The additional counts of Possessing Criminal Tools that were .directly related to the forgery counts and used to commit those offenses. (Like in JOHNSON, the Court found that felonious assault and assault with a deadly weapon for a single stabbing are Allied Offenses, and the Defendant can only be sentenced on one such charge). Oddly Counsel on Appeal argued the Allied Offenses but ·only to the effect of the theft related charges.

*Id.* at PageID 148.

In the body of the Application, Warner repeated verbatim the language which appears on the first page of his Affidavit. *Id.* at PageID 150. Then on the second page of the Application, he repeated verbatim the language quoted above from page two of the Affidavit. *Id.* at PageID 151.

In denying the Application to reopen, the First District Court of Appeals adverted only to the claim that that appellate counsel should have sought to have all the forgery counts merged; no mention is made of the possessing criminal tools convictions. *State v. Warner*, Case No. C-110198 (Ohio App. 1st Dist. Sept. 12, 2012)(unreported; copy at Return of Writ, Doc. No. 5-1, Ex. 20, PageID 159-160.)

Warner argues that the issue was fairly presented and "[s]imply because the state court elected not to address the issue in no way obviates the fact that they [sic] were properly presented" and "[j]ust because the state court either overlooked, or decided not to address the issue does not in any way diminish the fact that Petitioner *presented* it." (Traverse, Doc. No. 6, PageID 303; emphasis in original.)

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004). But here the First District

5

had no need to read beyond the Application to see that Warner was making a claim that his appellate attorney should have sought merger of the criminal tools charges as well as the theft and forgery charges. The Respondent's procedural default defense to a portion of Ground One is not well-taken.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

When a federal claim is fairly presented but not directly addressed, as happened here, "a federal habeas court must *presume* that the federal claim was adjudicated on the merits. . ." *Ross v. Pineda*, 2013 U.S. App. LEXIS 25481, at \*\*12 (6th Cir. 2013), *quoting Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013)(emphasis added). Warner's allied offenses claim related to the possession of criminal tools is closely related to and in fact jointly argued with his claim about merger of the forgery counts. That supports the presumption that the First District decided this claim on the merits along with the other claims. That court denied reopening completely and held

> But R.C. 2941.25 did not preclude the trial court from sentencing Warner for each forgery because the record permits a conclusion that the offenses had been committed separately. See R.C. 2941.25(B); *State v. Johnson*, 128 Ohio St. 3d 143, 2010-Ohio-6314, 942 N.E. 2d 1061, ¶ 51. . . .
> Because the proposed assignments of error would have offered no prospect of success had they been advanced on appeal, Warner has failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Accordingly, the court denies his application to reopen this appeal.

*State v. Warner*, Case No. C-110198 (Ohio App. 1st Dist. Sept. 12, 2012)(unreported; copy at Return of Writ, Doc. No. 5-1, PageID 159-60.)

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

7

> proceeding would have been different. A reasonable probability is
> a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The *Strickland* test applies to appellate counsel. *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id., citing Wilson*. If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.*

The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.") Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004), cert. denied, 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986).

To prevail on his First Ground for Relief, Warner must show that the First District's decision of this claim is contrary to or an objectively unreasonable application of *Strickland*.

This he has not done. The very court which would have had to grant him relief on his ineffective assistance of appellate counsel claims held that the underlying proposed assignments of error were without merit, expressly as to the forgery charges and implicitly as to the possession of criminal tools charges.

Warner responds that the state court is required to create a record to support a conclusion that the offenses are not allied offenses of similar import (Traverse, Doc. No. 6, PageID 306, citing *State v. Latson*, 133 Ohio App. 3d 475 (8th Dist. July 26, 2000), and *State v. Kent,* 68 Ohio App. 2d 151 (8th Dist. 1980)). In *Latson*, the court applied the allied offenses analysis required by *State v. Rance,* 85 Ohio St. 3d 632 (1999), which was overruled by *State v. Johnson*, 128 Ohio St. 3d 153 (2010), before Warner pled guilty. Moreover, the language in *Latson* on which Warner relies appears to be particular to the Eighth Appellate District. So far as this Court is aware, no other appellate court in Ohio has required the kind of voir dire hearing which is noted in *Latson*. *Kent, supra,* relied on in *Latson*, is an earlier precedent from the same court.

Because he has failed to show that the First District's decision on his Application for Reopening was an objectively unreasonable application of *Strickland*, Warner's First Ground for Relief should be dismissed with prejudice on the merits.

**Ground Two: Violation of the Double Jeopardy Clause**

In his Second Ground for Relief, Warner directly asserts the Double Jeopardy violations which underlie his ineffective assistance of appellate counsel claims made in Ground One.

**Procedural Default**

9

Respondent asserts Ground Two is barred in its entirety by Warner's procedural default in failing to raise these claims on direct appeal (Return of Writ, Doc. No. 5, PageID 30). Warner responds that he did raise them on direct appeal by way of including them in his Application for Reopening under Ohio R. App. P. 26(B). Anticipating that argument, Respondent asserts that filing a 26(B) application only preserves the ineffective assistance of appellate counsel claim for habeas review and not the underlying claims (Return of Writ, Doc. No. 5, PageID 31-32).

Respondent has the better of this argument. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.* Because Warner raised the claims made in Ground Two for the first time in his Rule 26(B) application, they are procedurally defaulted; they could have been raised on direct appeal and were not.

**Merits Analysis**

Moreover and alternatively, Ground Two is without merit.

Warner pleads his Second Ground for Relief under the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985). *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Id.* at 697, *citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

Ohio Revised Code § 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

11

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered [rather than the elements of the offenses in the abtract]." *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314 (2010). Ohio Rev. Code § "2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *Id.* at ¶ 45.

> R.C. 2941.25(A) clearly provides that there may be only one conviction for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. See *State v. Brown,* 119 Ohio St.3d 447, 2008 Ohio 4569, 895 N.E.2d 149, P 43; *State v. McGuire* (1997), 80 Ohio St. 3d 390, 399, 1997 Ohio 335, 686 N.E.2d 1112. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

*State v. Underwood*, 124 Ohio St. 3d 365, 370, 2010-Ohio1, ¶ 26 (2010).

As the Court understands it, Warner makes two allied offenses claims: (1) that all of his forgery convictions are for allied offenses and must be merged and (2) that his possession of criminal tools charges must be merged with the forgery charges.

With respect to the forgery charges, he asserts they are allied offenses because they were all committed as part of the same criminal spree: "[w]hat neither the state court addressed, nor the respondent in its arguments, is the fact that the multiple forgery counts were committed as a continuing course of conduct, which presupposes a single animus and prohibits multiple punishments under Ohio law . . ." (Traverse, Doc. No. 6, PageID 305.)

Ohio law requires nothing of the kind. Rather Ohio Revised Code § 2941.25 expressly provides that crimes committed separately may be punished separately. The Indictment alleges, for example:

Count Three – forgery on September 1, 2007 (Return of Writ, Doc. No. 5-1, PageID 47).

Count Four – forgery on September 2, 2007. *Id.*

Count Five – forgery on September 4, 2007. *Id.* at PageID 48.

Count Six – forgery on September 3, 2007, *Id.*

Count Seven – forgery on September 5, 2007. *Id.*

Count Ten – forgery on September 2, 2007, with a different aider and abettor than Count Four. *Id.* at PageID 50.

Count Eleven – forgery on September 4, 2007, with same collaborator as in Count Ten. *Id.*

Count Twelve – forgery on September 2, 2007, with the same collaborator as in Count Ten. *Id.*

Count Thirteen – forgery on September 7, 2007. *Id.* at PageID 51.

It would serve no purpose to quote other counts because the pattern is clearly established by these examples. Warner cites absolutely no Ohio law to the effect that if a person forges a check on September 1 and then continues to do so on subsequent days that he cannot be separately punished for those separate offenses, even if doing a series of forgeries was planned at the outset and carried out over a period of days. He also cites no Ohio authority to the effect that

Ohio law requires or even suggests a finding of one animus when a person commits a number of chronologically separate offenses which are of the same kind. An Ohio defendant does not get a "pass" by way of merger and one sentence for the second, third, fourth, etc. crimes in a crime spree. To cite but two notorious examples, Alton Coleman and Marvallous Keene have both been constitutionally executed by the State of Ohio for multiple murders committed during the course of crime "sprees" as they were referred to in the media, i.e., as part of a single course of connected conduct over a number of days.

Warner also claims his separate sentences for possession of criminal tools are barred by the Double Jeopardy Clause. This claim is based on the premise that the criminal tools he was convicted of possessing are the counterfeit or forged checks that form the basis of two of the forgery charges.

The criminal tools counts are Counts 51 and 54 of the Indictment. Count 51 charges that Warner and another had in their possession from October 2 to October 31, 2007, "laptop computer(s), printer(s), blank check stock, versa check program, social security numbers, cell phone, genuine check(s), and/or counterfeit checks" to be used to commit forgery. (Indictment, Return of Writ, Doc. No. 5-1, PageID 66.) Count 54 charges that Warner and another had in their possession on October 29, 2007, social security numbers and/or credit card numbers for the purpose of committing identity theft. *Id.* at PageID 67. Count 51 is not limited to possession of a forged check, but to a variety of criminal tools used in this scheme. Count 54 is not related to forgery at all, but to the crime of identity theft. Each of these charged counts contains at least one element not contained in any of the forgery counts, thus meeting the *Blockburger* test. The Ohio courts have already determined in this case that imposition of separate punishments for these offenses is within the intention of the General Assembly and this Court is bound by that

interpretation of Ohio law. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Accordingly, Warner's Second Ground for Relief should be dismissed, both as procedurally defaulted and as being without merit.

June 3, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).